1   **LIPPMAN RECUPERO, LLC**

2   David W. Lippman, State Bar # 023335 / PCC # 65803
    1325 N. Wilmot Rd., 3rd Floor, Tucson, AZ 85712

3   P.O. Box 13928, Tucson AZ 85732-3928
    Telephone: (520) 762-4036  Facsimile: (888) 870-2807

4

5   Attorneys for Plaintiff
    G & G Closed Circuit Events, LLC

6

7                  UNITED STATES DISTRICT COURT

8                      DISTRICT OF ARIZONA

9

10  G & G Closed Circuit Events, LLC,          Case No.:

11                  Plaintiff,
                                               COMPLAINT
12          vs.

13
    Marisa Mesa, individually and d/b/a Club
14  520 Nightclub; and The Club Enterprises,
    LLC, an unknown business entity d/b/a
15  Club 520 Nightclub,

16

17                  Defendants.

18

19  **PLAINTIFF ALLEGES:**

20

21                       **JURISDICTION**

22

23  1.      Jurisdiction is founded on the existence of a question arising under particular

24  statutes. This action is brought pursuant to several federal statutes, including the

25  Communications Act of 1934, as amended, Title 47 U.S.C. 605, *et seq.,* and The Cable

26

27  & Television Consumer Protection and Competition Act of 1992, as amended, Title

28

1    47 U.S.C. Section 553, *et seq*.

2    2.    This Court has jurisdiction of the subject matter of this action pursuant to 28

3
4    U.S.C. Section 1331, which states that the District Courts shall have original

5    jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the

6    United States.

7    3.    This Court has personal jurisdiction over the parties in this action as a result of

8
9    the Defendants' wrongful acts hereinafter complained of which violated the Plaintiff's

10   rights as the exclusive commercial domestic distributor of the televised fight *Program*

11
12   hereinafter set forth at length.

13
                                    **VENUE**
14

15   4.    Pursuant to Title 47 U.S.C. Section 605, venue is proper in the Arizona,

16   because a substantial part of the events or omissions giving rise to the claim occurred

17
18   in this District and/or because, *inter alia,* all Defendants reside within the State of

19   Arizona (28 U.S.C. § 1391(b)).

20
                          **INTRADISTRICT ASSIGNMENT**
21

22   5.    Assignment to the Tucson Division of the District of Arizona is proper

23
24   because a substantial part of the events or omissions giving rise to the claim

25   occurred in Pima County and/or, the United States District Court for the District of

26   Arizona has decided that suits of this nature, and each of them, are to be heard by

27
     the Courts in this particular Division.
28

## THE PARTIES

6.      Plaintiff G & G Closed Circuit Events, LLC, is, and at all relevant times mentioned was, a California company with its principal place of business located at 2925 Green Valley Parkway, Suite D, Las Vegas, NV 89014.

7.      At all times relevant hereto, including on Saturday, November 2, 2019, Defendant Marisa Mesa was a managing member of The Club Enterprises, LLC, which owns and operates the commercial establishment doing business as Club 520 Nightclub operating at 4696 S. 12th Avenue, Tucson, AZ 85714.

8.      At all times relevant hereto, including on Saturday, November 2, 2019, Defendant Marisa Mesa was the individual specifically identified as sole licensee on the Arizona Department of Liquor Licenses & Control  filed for The Club Enterprises, LLC (06100164).

9.      At all times relevant hereto, including on Saturday, November 2, 2019, Defendant Marisa Mesa was the individual specifically identified by the Arizona Corporation Commission as managing member of The Club Enterprises, LLC (1998294).

10.     Plaintiff is informed and believes, and alleges thereon that on Saturday, November 2, 2019 (the night of the *Program* at issue herein, as more specifically defined in Paragraph 21), Defendant Marisa Mesa had the right and ability to supervise the activities of Club 520 Nightclub, which included the unlawful interception, receipt, and publication of Plaintiff's *Program*.

11.    Plaintiff is informed and believes, and alleges thereon that on Saturday, November 2, 2019 (the night of the *Program* at issue herein, as more specifically defined in Paragraph 21), Defendant Marisa Mesa, as an individual specifically identified on the Arizona Department of Liquor Licenses and Control and Arizona Corporation Commission records filed for The Club Enterprises, LLC had the obligation to supervise the activities of The Club Enterprises, LLC, which included the unlawful interception, receipt, and publication of Plaintiff's *Program,* and, among other responsibilities, had the obligation to ensure that Club 520 Nightclub operated lawfully at all times.

12.    Plaintiff is informed and believes, and alleges thereon that on Saturday, November 2, 2019, (the night of the *Program* at issue herein, as more specifically defined in Paragraph 21), Defendant Marisa Mesa specifically directed or permitted the employees of Club 520 Nightclub to unlawfully intercept, receive, and publish Plaintiff's *Program* at Club 520 Nightclub, or intentionally intercepted, received, and published the *Program* at Club 520 Nightclub herself. The actions of the employees of Club 520 Nightclub are directly imputable to Defendant Marisa Mesa by virtue of his acknowledged responsibility for the operation of Club 520 Nightclub.

13.    Plaintiff is informed and believes, and alleges thereon that on Saturday, November 2, 2019, Defendant Marisa Mesa, as a managing member of The Club Enterprises, LLC, and as an individual specifically identified on the Arizona Department of Liquor Licenses and Control license filed for The Club Enterprises,

LLC had an obvious and direct financial interest in the activities of The Club Enterprises, LLC which included the unlawful interception, receipt, and publication of Plaintiff's *Program.*

14.     Plaintiff is informed and believes, and alleges thereon that the unlawful broadcast of Plaintiff's *Program*, as supervised and/or authorized by Defendant Marisa Mesa resulted in increased profits for Club 520 Nightclub.

15.     Plaintiff is informed and believes, and alleges thereon that Defendant The Club Enterprises, LLC is an owner, and/or operator, and/or licensee, and/or permittee, and/or person in charge, and/or an entity with dominion, control, oversight and management of the commercial establishment doing business as Club 520 Nightclub operating at 4696 S. 12th Avenue, Tucson, AZ 85714.

16.     On Saturday, November 2, 2019 (the night of the Program at issue herein, as more specifically defined in Paragraph 21), Club 520 Nightclub sold food and alcoholic beverages to its patrons and required a $10.00 cover charge for entry.

17.     On Saturday, November 2, 2019 (the night of the Program at issue herein, as more specifically defined in Paragraph 21), Club 520 Nightclub broadcast the *Program* on a three flat panel televisions in the establishment while patrons of the establishment were present.

18.     That the *Program* would be shown at Club 520 Nightclub was posted on Facebook.

///

19.     The commercial fee for an establishment the size of Club 520 Nightclub to broadcast the *Program* lawfully was $1,400.00. Neither Defendants nor anyone acting on their behalf paid this fee to Plaintiff.

## COUNT I

### (Violation of Title 47 U.S.C. Section 605)

20.     Plaintiff G & G Closed Circuit Events, LLC, hereby incorporates by reference all of the allegations contained in paragraphs 1-19, inclusive, as though set forth herein at length.

21.     Pursuant to contract, Plaintiff G & G Closed Circuit Events, LLC, was granted the exclusive nationwide commercial distribution (closed-circuit) rights to the *Saul "Canelo" Alvarez v. Sergey Kovalev  Championship Fight Program,* telecast nationwide on Saturday, November 2, 2019 (this included all under-card bouts, including the under-card bout between Ryan Garcia and Romero Duno, and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "*Program*").

22.     Pursuant to contract, Plaintiff G & G Closed Circuit Events, LLC, entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Arizona, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the *Program* within their respective commercial establishments.

///

23.     The *Program* could only be exhibited in a commercial establishment in Arizona if said establishment was contractually authorized to do so by Plaintiff G & G Closed Circuit Events, LLC.

24.     As a commercial distributor and licensor of sporting events, including the *Program*, Plaintiff G & G Closed Circuit Events, LLC, expended substantial monies marketing, advertising, promoting, administering, and transmitting the *Program* to its customers, the aforementioned commercial entities.

25.     The *Program* originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies to Plaintiff's sub-licensees.

26.     On Saturday, November 2, 2019, in violation of Plaintiff G & G Closed Circuit Events, LLC rights and federal law, Defendants intercepted, received and published the *Program*, including portions of the undercard bout between Ryan Garcia and Romero Duno, at Club 520 Nightclub Defendants also divulged and published said communication, or assisted in divulging and publishing said communication to patrons within Club 520 Nightclub.

27.     With full knowledge that the *Program* was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, each and every one of the above named Defendants, either through direct action or through actions  of employees or agents directly imputable to Defendants (as outlined in paragraphs 7-26 above), did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the *Program* at the time of its transmission at

commercial establishment in Tucson, Arizona located at 4696 S. 12th Avenue, Tucson, AZ 85714.

28.     Said unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by each of the Defendants was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain, as confirmed by, *inter alia*, the requirement of a $10.00 cover charge, the sale of food and alcoholic beverages during the broadcast, and the efforts necessarily undertaken to avoid paying Plaintiff its rightful commercial fee.

29.     Title 47 U.S.C. § 605(a), prohibits the unauthorized interception, receipt, publication and use of communications, such as the transmission of the *Program* for which Plaintiff G & G Closed Circuit Events, LLC  had the distribution rights thereto.

30.     By reason of the aforesaid mentioned conduct, the aforementioned Defendants, and each of them, violated Title 47 U.S.C. Section 605, *et seq.*, either directly or, in the case of Defendant Marisa Mesa, contributorily or vicariously.

31.     By reason of the Defendants' violation of Title 47 U.S.C. Section 605*, et seq.*, Plaintiff G & G Closed Circuit Events, LLC, has a private right of action pursuant to Title 47 U.S.C. Section 605.

32.     As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff G & G Closed Circuit Events, LLC, is entitled to the following from each Defendant:

///

(a)     Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. § 605(e)(3)(C)(i)(II);

(b)     Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii); and

(c)     The recovery of full costs, including reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

## COUNT II

### (Violation of Title 47 U.S.C. Section 553)

33.     Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-32, inclusive, as though set forth herein at length.

34.     47 U.S.C. § 553 prohibits the interception or receipt of communications offered over a cable system absent specific authorization.

35.     The unauthorized interception and receipt of the Program by the above named Defendants was prohibited by Title 47 U.S.C. §553, *et seq.*

36.     By reason of the aforesaid mentioned conduct, the aforementioned Defendants violated Title 47 U.S.C. Section 553, *et seq.* either directly or, in the case of Defendant Marisa Mesa, contributorily or vicariously.

37.     By reason of the Defendants' violation of Title 47 U.S.C. Section 553, *et seq.,* Plaintiff G & G Closed Circuit Events, LLC, has the private right of action pursuant to Title 47 U.S.C. Section 553.

///

38.     As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 553, Plaintiff G & G Closed Circuit Events, LLC, is entitled to the following from each Defendant:

> (a)     Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(A)(ii);

> (b)     Statutory damages for each willful violation in an amount to $50,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(B);

> (c)     The recovery of full costs pursuant to Title 47 U.S.C. § 553 (c)(2)(C); and

> (d)      In the discretion of this Honorable Court, reasonable attorneys' fees, pursuant to Title 47 U.S.C. § 553(c)(2)(C).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

**As to the First Count:**

1.     For statutory damages in the amount of $110,000.00 against the Defendants, and each of them;

2.     For reasonable attorneys' fees as mandated by statute;

3.     For all costs of suit, including, but not limited to, filing fees, service of process fees, investigative costs; and

4.     For such other and further relief as this Honorable Court may deem just and proper.

///

**As to the Second Count:**

1. For statutory damages in the amount of $60,000.00 against the Defendants, and each of them;

2. For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute;

3. For all costs of suit, including, but not limited to, filing fees, service of process fees, investigative costs; and

4. For such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted,

Date:  October 29, 2020          */s/ David W. Lippman*
                                 Lippman Recupero, LLC
                                 By:  David W. Lippman
                                 Attorney for G & G Closed Circuit Events, LLC