**THE LAW OFFICE OF NED GARN PLLC**
**Ned Garn**
435 N. Caribe Pl.
Tucson, Arizona 85710
(520) 624-4075
PCCN  /AZBN 019474
nedgarn@hotmail.com
Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| G & G Closed Circuit Events, LLC, | ) | No. 20-cv-00470-JAS |
| Plaintiff, | ) | **ANSWER** |
| vs. | ) | (JURY TRIAL REQUESTED) |
| Marisa Mesa, individually and d/b/a Club 520 Nightclub; and The Club Enterprises, LLC, an unknown business entity d/b/a Club 520 Nightclub, | ) ) ) ) | |
| Defendants. | ) | |

Defendants, by and through their undersigned counsel, hereby as and for their Answer to the corresponding paragraph numbers of the Complaint admit, deny, and allege as follows:

1.    Defendants admit that Plaintiff's Complaint asserts claims arising under federal law.

2.    Defendants admit this Court has subject matter jurisdiction.

3.    Defendants admit this Court has personal jurisdiction; Defendants deny any allegation or implication that they engaged in wrongful acts.

4.    Defendants admit that venue is proper, but deny that it exists on the grounds stated.

5.    Defendants admit only that assignment to the Tucson Division is proper.

6.    Defendants are without sufficient information to admit or deny the allegations in this paragraph and so deny the same.

7.    Defendants admit only that Mesa was the managing member The Club Enterprises, LLC which owned and operated the Club 520 Nightclub establishment  on

1   November 2, 2019 and expressly deny any implication that the establishment is
2   presently operating.

3   8.   Defendants admit that only Defendant Mesa was the licensee for Club 520 and
4   expressly deny any implication that the license remains active.

5   9.   Defendants admit only that Defendant Mesa was the managing member of The
6   Club Enterprise, LLC at all times relevant to the Complaint.

7   10.   Defendants admit only that Defendant Mesa had the right and ability to supervise
8   the activities at Club 520 Nightclub to the extent of her knowledge and reasonable
9   diligence, but deny omniscience and deny her ability to act on information or
10   circumstances of which she was unaware or was misled.  Defendants expressly
11   deny the allegation of any unlawful activity in connection with The *Program* (as
12   defined in paragraph 21 of the Complaint).

13   11.   Defendants admit only that Defendant Mesa had the right and ability to supervise
14   the activities at Club 520 Nightclub to the extent of her knowledge and reasonable
15   diligence, but deny omniscience and deny her ability to act on information or
16   circumstances of which she was unaware or was misled.  Defendants further deny
17   the allegation of any unlawful activity in connection with The *Program* (as defined
18   in paragraph 21 of the Complaint).

19   12.   Deny.

20   13.   Defendants admit that Defendant Mesa had a financial interest in The Club
21   Enterprises, LLC on November 2, 2019.   Defendants deny the allegation of any
22   unlawful activity in connection with The *Program* (as defined in paragraph 21 of
23   the Complaint) on that date.

24   14.   Deny.

25   15.   Admit.

26   16.   Defendants denies that females were charged a cover charge of $10; Defendants
27   admit the remaining allegations in this paragraph.

28   17.   Defendants admit that a Canelo fight program was displayed on three television

2

screens at Club 520 on that date with customers present.  Defendants lack sufficient information to confirm or deny whether this was the *Program* as defined in paragraph 21 of the Complaint and so deny the remainder of the allegations in this paragraph.

18.   Defendants admit that a Canelo fight at Club 520 was advertised on a Facebook page.  Defendants lack sufficient information as to whether the image and information on the Facebook corresponds to the fight that was shown in the bar and lack sufficient information as to whether the fight shown at Club 520 was the *Program* as defined in paragraph 21 of the Complaint and so deny the remainder of the allegations in this paragraph.

19.   Defendants lack knowledge as to the amount of any commercial fee and so deny the same.  Defendants admit that Defendants did not pay $1,400 to Plaintiff in connection with the Canelo fight.

20.   No response is required; Defendants reallege the responses above.

21.   Defendants are without sufficient information to admit or deny the allegations in this paragraph and so deny the same.

22.   Defendants are without sufficient information to admit or deny the allegations in this paragraph and so deny the same.

23.   Defendants are without sufficient information to admit or deny the allegations in this paragraph and so deny the same.

24.   Defendants are without sufficient information to admit or deny the allegations in this paragraph and so deny the same.

25.   Defendants are without sufficient information to admit or deny the allegations in this paragraph and so deny the same.

26.   Defendants are without sufficient knowledge to admit or deny the allegations regarding whether the *Program* (as defined in paragraph 21 of the Complaint) was intercepted, received, divulged or published at Club 520, or that Defendants assisted in divulging and publishing that communication and so deny the same.

3

Defendants further deny that they violated federal law in connection with the *Program* (as defined in paragraph 21 of the Complaint).  Defendants are without sufficient knowledge to admit or deny the allegations regarding Plaintiff's rights with respect to the same and so deny the allegation that they violated Plaintiff's rights.

27. Deny.

28. Deny.

29. Paragraph 29 of the Complaint states a legal conclusion to which no response is required but is in any event denied; Defendants lack sufficient knowledge of Plaintiff's distribution rights and so deny the same.

30. Deny.

31. Paragraph 29 of the Complaint states a legal conclusion to which no response is required but is in any event denied.

32. Deny

33. No response is required; Defendants reallege the responses above.

34. Paragraph 34 of the Complaint states a legal conclusion to which no response is required but is in any event denied;

35. Paragraph 35 of the Complaint states a legal conclusion to which no response is required but is in any event denied.

36. Deny.

37. Paragraph 37 of the Complaint states a legal conclusion to which no response is required but is in any event denied.

38. Deny.

39. Defendants deny each allegation in paragraphs 1-38 except to the extent expressly admitted above.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE:  GOOD FAITH**

40. Defendants reallege each of the responses and any affirmative allegations made

4

1  above.

2  41.   Defendants allege that Plaintiff's claim is barred by reason of Defendant's good

3  faith.

4  42.   An individual named Carlos Merino who offered to arrange for the Canelo fight to

5  be shown at Club 520 on November 2, 2019.  Defendants paid Mr. Merino $250

6  and believe the fight may have been accessed via Roku device(s).

7  43.   Defendants reasonably believed Mr. Merino to be an agent of an entity with the

8  right to provide access to the fight. Defendants did not know and had no reason to

9  know that there was anything improper or illegal about Merino's provision of

10  access to the fight.

11  44.   Defendants had only begun operating Club 520 in August of 2019 and had no

12  previous experience operating such an establishment.

13  45.   Defendants never had any other boxing event displayed in Club 520 before or after

14  the November 2, 2019.

15  46.   Defendants routinely charged admission to Club 520 on the weekend regardless of

16  the nature of any entertainment offered.

17  47.   Defendants never charged admission to women and did not do so on November 2,

18  2019.

19  48.   Defendants did not alter their usual prices on November 2, 2019.

20  49.   The fight was not displayed to generate any unusual level of receipts and did not in

21  fact generate any significant increase in receipts which averaged approximately

22  $1800 for Saturdays.  Club 520's receipts totaled just over $2200 on November 2,

23  2019 (including through 11/3/19 at 2 am.).  Approximately 80 customers came to

24  the establishment on that date but only 15-20 were present during the fight.

25  50.   Club 520 also featured a band on November 2, 2019 which was paid $600.

26

27  **OTHER AFFIRMATIVE DEFENSES**

28  51.   Defendants reserve the right to list additional defenses as revealed by discovery.

5

**WHEREFORE**, Defendants therefore pray for the following:

      A.    A jury trial as to all claims so triable.

      B.    Judgment against Plaintiff and in favor of Defendants as to all claims;

      C.    Denial of all relief requested in the Complaint;

      D.    Defendants' reasonable attorney's fees and costs; and

      E.    Such other and further relief as the Court deems just and proper.

      DATED this 28th day of January 2021.

                              **THE LAW OFFICE OF NED GARN, PLLC**

                              **/s/ Ned Garn**
                              **Ned Garn**
                              Attorney for Defendants

I hereby certify that I electronically
transmitted the attached document to the
Clerk's Office using the CM/ECF system
for filing and transmittal of a notice of
electronic filing on January 28, 2021

Copy of the foregoing electronically served
via ECF and U.S. mail this 28th day of January 2021 on:

David Lippman
Lippman Recupero, LLC
1325 N. Wilmot Rd., 3rd Floor
Tucson, AZ 85712
P.O. Box 13928
Tucson, AZ 85732-3928
Attorney for Plaintiff